UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re

        Edward F. Miller                               Case No.: 18-22449-rdd
                                                  Chapter 7

                        Debtor.
-----------------------------------------------------------X

## MOTION TO WITHDRAW IRENE M. COSTELLO AND CABANILLAS & ASSOCIATES, PC, AS ATTORNEYS OF RECORD PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)

      This motion (the "Motion") seeks, pursuant to Local Rule 2090-1(e) of the Local

Bankruptcy Rules, an order withdrawing Irene M. Costello, Esq. and the law firm Cabanillas

& Associates, PC as attorneys of record for Debtor Edward Miller (the "Debtor"). This Motion

further seeks that Irene M. Costello, Esq's name be removed from any applicable service lists,

including the Court's CM/ECF electronic notification list maintained in the above-captioned

cases.

      I, Irene M. Costello, Esq., am an attorney at Cabanillas & Associates, PC who has

appeared as an attorney of record in this case on behalf of the Debtor, Edward F. Miller.

Because I will not continue to serve as an attorney of record in this case, the Court's granting

of this Motion will impact any representation towards Debtor.

      Due to harassment of counsel by the Debtor as described in the attached affadavit there

has been an irreversible breakdown in the relationship between counsel and the Debtor such

that Counsel can no longer effectively represent the Debtor in his case. *See* Affidavit attached

hereto as Exhibit A.

      WHEREFORE, for the reasons set forth herein, I respectfully request that the Court

grant this Motion and order that Irene M. Costello, Esq. is withdrawn as an attorney of record

and, thus, will no longer receive service or electronic notifications in the above-captioned

cases. A proposed form of order granting the relief requested herein is annexed hereto as

Exhibit B.

CABANILLAS & ASSOCIATES, P.C.

Dated:  White Plains, NY
       September 9,  2018

/s/ Irene M. Costello
By:    Irene M. Costello, Esq.
       Attorneys for the Debtor
       120 Bloomingdale Road, Suite 400
       White Plains, NY 10605
       (914) 618-7364
       bankruptcy@cabanillaslaw.com



UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re

Edward F. Miller                                             Case No.: 18-22449-rdd
                                                             Chapter 7


                                        Debtor.
-------------------------------------------------------------X


## DECLARATION IN SUPPORT OF MOTION TO WITHDRAW IRENE M. COSTELLO AND CABANILLAS & ASSOCIATES, PC, AS ATTORNEYS OF RECORD PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)

I, Irene M. Costello, hereby swear or affirm under penalty of perjury the following is true and correct based on my personal knowledge.

1. I became counsel for Edward F. Miller, the Debtor, after I learned attorney Anthony Vassallo,(a.k.a, "Tony"), who was a partner at the firm of Shipkevich PLLC where I worked at the time, had filed the Debtor's first chapter7 case, and his parents' chapter 7 case in my name without my knowledge or consent in New York's Northern District Bankruptcy Court.
2. When I commenced my relationship and actual representation of the Debtor midway through that case I met with him and his business associate Robert Derosiers, who he referred to as Bob.
3. He explained to me that Bob was responsible for hiring Tony and for generally taking care of both the Debtor and his parents' bankruptcy cases, so that the Debtor could focus on the work he was doing for his employer.
4. Bob's job was to build a wall around the Debtor ten feet high so that he would be protected and free to work on his important business.
5. Also, anything that would be required for his parents' case would necessarily be the Debtor's responsibility and now would be also passed to Bob.
6. When I requested documents for the case I was directed to Bob and the documents were given to me by Bob. I frequently received many calls and emails with instructions or requests from Bob and had several calls where both the Debtor and Bob were on the line.
7. Because the Debtor and his parents cases were filed in my name when I learned of them and became aware of their mishandling I made every effort to try to repair the damage that had been done. I did my best to work with the Debtor and deal with this unusual relationship with Bob.
8. In the beginning I found it helpful because Bob had organized much of the documents and delivered them in an organized fashion. However, the Judge ultimately found that too much time had passed in that case, and since I was always the attorney of record in that case, she could not determine there was

sufficient basis to allow the case to continue. Thus, that case was dismissed without prejudice due to the deficiencies and failures to appear at the Section 341 meetings, which were attributed to Tony.

9. However, recently it has been increasingly difficult to communicate with the Debtor. Advice that I gave related to the bankruptcy was refuted with answers from the Debtor stating that other attorneys had told him he was correct, and I should move forward with certain filings that I did not agree with.

10. On a daily basis I received phone calls and text messages on weekends and at all hours from the Debtor advising me that he was under extreme pressure to resolve the bankruptcy cases, and I was reminded that the longer this process took the worse it would be for the Debtor and ultimately for me in some way I didn't fully understand.

11. My abilities as counsel were frequently called into question when I made suggestions that were not in line with his wishes. Nonetheless, I was doing my best to represent the Debtor, until early on in August. At this time the Debtor began to make references in our phone calls and texts that Bob was getting impatient with the time it was taking me to resolve the bankruptcy matters.

12. Shortly these references turned to threats, some examples of text messages are attached hereto. These messages were usually followed up shortly by a call from Bob, and quickly thereafter another call from the Debtor indicating that Bob had been kind but would not be so kind in the future.

13. The Debtor made it clear that he had several discussions with Bob about destroying me, and ruining my life. He even detailed potentially hiring another attorney who would be tasked to throw me under the bus. I was also advised that Bob's other job was to attack attorneys for their mutual boss John Halle.

14. At this point I am losing sleep over this. I feel completely ineffective as counsel, my advice to the Debtor is disregarded. Further, I am asked to do things beyond the scope of my representation and I do not feel comfortable saying no.

15. It took me almost a month to come to the determination to withdraw because I am frankly scared of the retaliation that has been promised by my client. With that in mind I am filing a police report contemporaneously with this Motion.

16. Thus, at this time I am asking the Court to allow me to withdraw from this case and for such further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: September 6, 2018

Irene M. Costello



Ed F

Fri, Aug 3, 12:26 PM

Irene, headed i. For surgery, please don't forget i need some answers re what happened with the April 17 refiling and alleged transfer today – I need to socialize this over the weekend

Tue, Aug 7, 7:02 PM

Irene,
This entire situation is putting me in a very, very bad position. I need to know what happened regarding the April filing.
Call you at 10 am Tom, I need answers.
Bob is NOT pleased and i need to communicate something to my parents tomorrow.
Please take this seriously

Can you make it 9?

I will, thanks, Bob is about to loose his shit - and i mean that.



EM

Ed F

Please, please get your shit together, i am doing all i can but i will get circumvented quickly. How did Zube go

?????

Good

Ok I spoke to Robert too

A lot to discuss

Can i call you tonight, Bob is insane right now.

Good

Yes

Ok,
 And please please understand Pridential has over $500 million dollar on the line.
And my ability to run interference is evaporating quickly

8/8
7:33 PM



iMessage



Pay








Ed F

Irene, Bob is off his rocker, i am speechless

And my mother is on her way to the hospital.
Over what?

Call me when you are out of court, Bob promised not to call Felix or your current boss until we speak.

> Ok, I appreciate that.

> He never gave me deadlines we were talking about this I knew he tried to reach me last week when I was out I'm in shock that he sent this

Irene,
Not Client to Council – but friend to friend, Bob has almost unlimited resources with John Hallé, please, please heed my warnings as to where this is headed.
That's all i can say.   Talk later


iMessage

8/23
11:00 AM

# B

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re

        Edward F. Miller

                      Debtor.

-------------------------------------------------------------X

Case No.: 18-22449-rdd
Chapter 7

### ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR EDWARD F.MILLER AS AN ATTORNEY OF RECORD PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)

Upon consideration of the motion (the "Motion") of Irene M. Costello, Esq.
, for an order pursuant to Rule 2090-1(e) of the Local Rules for the Southern District of New York to withdraw as counsel of record for Edward F. Miller (the "Debtor"), and sufficient notice of the Motion having been given under the circumstances; and the Court having reviewed all pleadings and other papers filed or submitted in connection with the Motion; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that Irene M. Costello, Esq. is granted leave to withdraw as counsel for Edward F. Miller and is hereby deemed removed as counsel for Edward F. Miller in this and any consolidated or related case; and it is further

ORDERED that the Clerk of Courts and all parties in interest in this case are authorized and directed to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this order.