| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>―――――――――――――――――――X | Hearing Date: TBD<br>Hearing Time: TBD |
| IN RE:<br><br>EDWARD F. MILLER,<br><br>        Debtor.<br>―――――――――――――――――――X | CH. 7<br>Case No. 18-22449 |

### NOTICE OF MOTION TO QUASH SUBPOENA AND OBJECTION TO 2004 EXAMINATION

**PLEASE TAKE NOTICE** that on _____, 2018 at 10:00 a.m. or as soon thereafter as counsel can be heard, GIOVANNA LAMPO BATTAGLIA ("Giovanna"), by and through her attorney, Charles A. Higgs, Esq. will move before the Hon. Robert D. Drain, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY for an Order Quashing the non-party Subpoena issued by Sonic Arts Entertainment, LLC and the Chapter 7 Trustee, Mark Tulis, directing the oral examination of, and production of documents by, Giovanna.

Dated: September 6, 2018
New York, NY

/S/ Charles A. Higgs
_____
Charles A. Higgs, Esq.
Law Office of Charles A. Higgs
Attorney for Giovanna
115 E. 23rd Street, 3rd FL
NY, NY 10010
(917) 673-3768
Charles@FreshStartEsq.com

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>_____X<br><br>IN RE:<br><br>EDWARD F. MILLER,<br><br>                 Debtor.<br>_____X | Hearing Date: TBD<br>Hearing Time: TBD<br><br><br><br>CH. 7<br>Case No. 18-22449 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF GIOVANNA LAMPO BATTAGLIA (1) TO QUASH THE NON-PARTY SUBPOENA OF SONIC ARTS AND MARK TULIS; AND (2) OPPOSING THE APPLICATION OF SONIC ARTS AND MARK TULIS FOR AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

GIOVANNA LAMPO BATTAGLIA ("Giovanna"), by and through her attorney, Charles A. Higgs, Esq., submits the following memorandum of law in support of Giovanna's Motion to Quash the Subpoena of Sonic Arts Entertainment, LLC ("Sonic Arts") and the Chapter 7 Trustee, Mark Tulis (the "Chapter 7 Trustee") and in Opposition to the application of Sonic Arts and the Chapter 7 Trustee.

**PRELIMINARY STATEMENT**

On March 26, 2018, Edward F. Miller (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, the Bankruptcy Court entered an Order granting the ex-parte Application of Sonic Arts and the Chapter 7 Trustee for an Order Pursuant to Bankruptcy Rule 2004 directing Giovanna to appear for examination and for related relief (the "2004 Motion"). On August 23, 2018, the Order granting the 2004 Motion and a subpoena of Sonic Arts and the Chapter 7 Trustee were served on Giovanna. The 2004 Motion and related Subpoena serve no legitimate purpose but are instead being used to furthering the objective of

Sonic Arts to harass Giovanna in hopes that harassing Giovanna will put pressure on the Debtor to resolve whatever issues may exist between the Debtor and Sonic Arts. It is telling that it was the Creditor, Sonic Arts, and not the Chapter 7 Trustee, that signed the 2004 Motion and the related Subpoena. This demonstrates that the 2004 Motion and related subpoena are being driven primarily to further the objectives of Sonic Arts. For the reasons below, the Court should (1) Quash the Subpoena, (2) relieve Giovanna of any of the obligations set forth in the Order Granting the 2004 Motion, and (3) deny the 2004 Motion in its entirety.

## LEGAL ARGUMENTS

Fed. R. Bankr. P. 2004 "provides in relevant part that the Court may authorize the examination of any entity relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." *In re SunEdison, Inc.*, 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2017). The party requesting examination pursuant to Fed. R. Bankr. P. 2004 carries the burden of demonstrating good cause for the examination it seeks. *See In re SunEdison, Inc.,* 562 B.R. at 249. "A party seeking to conduct a Rule 2004 examination typically shows good cause by establishing that the proposed examination is necessary to establish the claim of the party seeking the examination, or . . . denial of such request would cause the examiner undue hardship or injustice." *Id.* citing *In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004).

"In evaluating a request to conduct a Rule 2004 examination, the Court must balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination. That documents meet the requirement of relevance does not alone demonstrate that there is good cause for requiring their production." In re SunEdison, 562 B.R. at 249 *citing Drexel Burnham*, 123 B.R. at 712; *accord In re Coffee Cupboard, Inc.*, 128 B.R. 509,

514 (Bankr. E.D.N.Y. 1991); *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) ("While the scope of Rule 2004 examination is very broad, it is not limitless. The examination should not be so broad as to be more disruptive and costly to the party sought to be examined than beneficial to the party seeking discovery.") [C]ourts may "limit, condition or even forbid the use of Rule 2004" where it is used to "abuse or harass. . . ." *In re Transmar Commodity Group*, 2018 Bankr. LEXIS 2473 (Bankr. S.D.N.Y. Aug. 17, 2018) *citing Martin v. Schaap Moving Sys., Inc.*, No. 97-5042, 1998 U.S. App. LEXIS 15255, 1998 WL 405966, at *3 (2d Cir. April 20, 1998) (quoting *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wisc. 1984). Here the 2004 Motion and related subpoena seek information that is readily available or to the extent the requested information sought exists can be obtained from the Debtor. Additionally, the Creditor appears to be seeking information related to a judgment in a state court case, as such Rule 2004 is procedurally improper and standard discovery rules should apply.

The Subpoena does not appear to comply with the requirements set forth in Fed. R. Civ. P. 45(a)(D)(4) as it is not clear that the subpoena was served on other parties prior to service upon Giovanna. Furthermore, the Subpoena is unduly burdensome upon Giovanna.

## CONCLUSION

For the reasons set forth above the 2004 Motion should be denied and the Subpoena should be Quashed.

Dated: September 6, 2018                                    /s/ Charles A. Higgs