UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re:                                                      :    Chapter 7
                                                            :
EDWARD F. MILLER,                                           :    Case No. 18-22449-rdd
                                                            :
      Debtor.                                               :    Hon. Robert D. Drain
                                                            :    United States Bankruptcy Judge
------------------------------------------------------------X

**AFFIRMATION OF DANIEL N. ZINMAN IN SUPPORT OF**
**OBJECTION OF DEBTOR TO MOTION PURSUANT TO RULES 4004(b)**
**AND 4007(c) FOR AN ORDER EXTENDING THE DEADLINE OF SONIC**
**ARTS ENTERTAINMENT, LLC TO OBJECT OT THE DEBTOR'S DISCHARGE**

      DANIEL N. ZINMAN, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following under penalty of perjury:

      1.      I am a counsel with the law firm of Kriss & Feuerstein LLP, counsel for the above captioned chapter 7 debtor (the "Debtor").  As such, I am fully familiar with the facts of this case and the proceedings heretofore had herein.

      2.      I submit this Affirmation in support of in support of the objection of the Debtor to the Motion ("Motion") Pursuant to Rules 4004(b) and 4007(c) for an Order Extending the Deadline of Sonic Arts Entertainment, LLC ("Sonic") to Object to the Debtor's Discharge.

      3.      A copy of the transcript of a deposition conducted pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2004 in the Debtor's prior bankruptcy case in the United States Bankruptcy Court for the Northern District of New York (under case No. 17-60023-6-dd) on July 25, 2017 is attached hereto as Exhibit 5.[1]

---

[1] For the Court's and the parties' convenience, I am numbering my exhibits consecutively with the exhibits attached to the affidavit of the Debtor in support of the Objection, to be filed concurrently herewith.

1

4.  A copy of the transcript of a deposition of the Debtor conducted pursuant to Bankruptcy Rule 2004 in this bankruptcy case on or about June 25, 2018 is attached hereto as Exhibit 6.

5.  A copy of the relevant portions of the transcript of a deposition of the Debtor conducted pursuant to Bankruptcy Rule 2004 in this bankruptcy case on or about July 19, 2018 is attached hereto as Exhibit 7.

6.  On or about December 12, 2018, Sonic and the Trustee took the deposition of the Debtor's girlfriend over several hours, a deposition that took place with the assistance of the Debtor.

7.  Subsequently, the Debtor made Robert Desrosiers available for an interview with the Trustee and Sonic, who questioned him regarding the Debtor's current employment, salary and potential bonuses.

8.  On June 28, 2019, at the request of Sonic, the Debtor made available 2 or 3 bankers' boxes of documents related to the Company's claim against DASNY. I made clear in an email to Sonic's counsel on July 1, 2019 (the "July 1, 2019 Email"), the Debtor made available the documents the Debtor felt "related to the [C]ompany's claim against [DASNY]. We suggested and continue to suggest that you take a look at these documents and then if you want something more, you let us know what documents you want, and we will make them available. We are trying to be efficient here." A copy of the July 1, 2019 Email is attached hereto as Exhibit 8.

9.  On September 5, 2019, the Debtor made an offer by email (the "Sept. 5, 2019 Email") to the Trustee and Sonic to settle all issues, including a potential conversion of this case to chapter 11 and objections to discharge, in exchange for a payment of $200,000 payable in

2

monthly installments over 5 years. After further negotiations, the Trustee offered and the Debtor accepted by email on January 28, 2020 (the "Jan. 28, 2020 Email") a settlement of $200,000 payable to estate immediately following approval by this Court in exchange for a full release from the Trustee and the estate (the "Settlement"). Sonic was aware of the Trustee's settlement offer and the Debtor's acceptance at the time the offer was made and accepted. A copy of the Sept. 5, 2019 Email and the Jan. 28, 2020 Email is attached hereto as Exhibits 9 and 10, respectively.

10. On May 28, 2020, this Court held a hearing and heard argument on the Settlement Motion (as defined in the Objection). A copy of the transcript of that hearing is attached hereto as Exhibit 11.

WHEREFORE, the Debtor respectfully requests this Court deny Sonic's Motion, quash the 2004 Discovery, and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 25, 2020

                      KRISS & FEUERSTEIN LLP
                      *Attorneys for Debtor*


                      */s/ Daniel N. Zinman*
      By:   Daniel N. Zinman, Esq.
             360 Lexington Avenue, Suite 1200
             New York, New York 10017
             (212) 661-2900
             dzinman@kandfllp.com