```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                      :     Chapter 7
                                            :
EDWARD F. MILLER,                           :     Case No. 18-22449-rdd
                                            :
         Debtor.                            :     Hon. Robert D. Drain
                                            :     United States Bankruptcy Judge
-----------------------------------------------------------X
```

**AFFIDAVIT OF EDWARD F. MILLER IN SUPPORT OF
OBJECTION OF DEBTOR TO MOTION PURSUANT TO RULES 4004(b)
AND 4007(c) FOR AN ORDER EXTENDING THE DEADLINE OF SONIC
ARTS ENTERTAINMENT, LLC TO OBJECT OT THE DEBTOR'S DISCHARGE**

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

**EDWARD F. MILLER**, being duly sworn deposes and says:

1. I am the debtor in the above captioned bankruptcy case, and as such I have personal knowledge of the facts set forth below. I submit this affidavit in support of the objection of the Debtor to the Motion ("Motion") Pursuant to Rules 4004(b) and 4007(c) for an Order Extending the Deadline of Sonic Arts Entertainment, LLC ("Sonic") to Object to the Debtor's Discharge.

2. Well prior to this bankruptcy filing, I was the CEO and President of TMG Energy Systems Inc. ("TMG"), which in turn owned Miller Mechanical Systems LLC (together with TMG, the "Company"), in which I was also one of several shareholders. On or about August 14, 2014, TMG entered into a bridge loan financing agreement with Sonic in the amount of $1,000,000 (the "Sonic Loan"), which I guaranteed. Sonic's proof of claim filed in this case (Claim 2) asserts a

claim of $1,662,454.80 arising from the guaranty. More than anything else, it was this claim that has precipitated my bankruptcy filings.

3.  The Company ceased operations in the second half of 2016 and is now defunct and insolvent. The only significant asset of the Company remaining is claim against the Dormitory Authority of the State of New York ("DASNY"). As of March 23, 2017, I resigned as CEO and President of the Company. The Company has no functioning board of directors or employees.

4.  On or about January 12, 2017, I filed for chapter 7 bankruptcy (the "NDNY Case") in the United States Bankruptcy Court for the Northern District of New York (the "NDNY").

5.  In the NDNY Case, Sonic served the Debtor with a Bankruptcy Rule 2004 subpoena dated July 11, 2017 (the "Sonic NDNY Subpoena"). A copy of the Sonic NDNY Subpoena is attached hereto as Exhibit 1.

6.  In the Sonic NDNY Subpoena, Sonic requested production of vast range of documents, including all tax returns, corporate formation records, and transactional records of the Company. In response thereto, I produced to his counsel, Irene Costello, a substantial number of documents in response to that subpoena, including the Company records requested. It is not clear whether Ms. Costello forwarded all of those documents to Sonic and/or the chapter 7 trustee in the NDNY case. A schedule listing the dates I provided such records to Ms. Costello is attached hereto as Exhibit 2.

7.  At the continuation of my 2004 deposition in this case, I arrived in the parking lot of the building in which the deposition was to take place in a timely manner. Irene Costello, then my counsel, communicated with me and told me that she had rescheduled the deposition and that I should not go in the building. I followed my counsel's advice.

8. Ms. Costello also represented my parents in their bankruptcy case and failed to assert a homestead exemption for both my parents, even though they owed their home jointly. Attached hereto as Exhibit 3 are my parents' Amended Schedule C and the Bankruptcy Court's order in their case granting the motion of their chapter 7 trustee to set the homestead exemption at $82,775.

9. Prior to Ms. Costello, I was represented in my prior bankruptcy case by Anthony M. Vassallo. Attached hereto as Exhibit 4 is a pleading he filed in a separate case in which he stated that he suffered a traumatic brain injury, resulting in memory loss issues, blackouts and narcolepsy, resulting in significant concerns by Bankruptcy Judge Lane as to ability to function as counsel with clients.

10. During the late spring and early summer of 2019, I and someone working for me gathered several large banker boxes of documents of the Company in response to a request from Sonic and the Trustee and made them available for inspection through my counsel. I, through counsel, offered to produce additional documents if Sonic needed it, once they reviewed the initial production.

11. Since my present counsel began his representation of me in this bankruptcy case, it was my goal to reach an amical resolution with the Trustee.

12. On or about June 12, 2020, I, through my counsel accepted service of the order authorizing 2004 discovery against me [ECF No. 91]. The discovery sought would require review of approximately 37 bankers' boxes of documents and over 20gb of electronic documents of the Company, a Company in which I no longer have any position of employment.

3

**WHEREFORE**, I respectfully request that this Court enter an order denying the Motion, quashing the 2004 Discovery (as defined in the Objection) and granting me such other and further relief as the Court deems just and proper.

_____
EDWARD F. MILLER

Sworn to before me this

25th day of June, 2020

_____
Notary Public

PETER J. CHO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CH6308766
QUALIFIED IN WESTCHESTER COUNTY
MY COMMISSION EXPIRES JULY 28, 2022

4